UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DOUGLAS WRIGHT | CIVIL ACTION |
| VERSUS | NO. 07-1031 |
| TRINITY CATERING, INC.<br>ELEVATING BOATS, L.L.C. | SECTION "T" |

### ORDER AND REASONS

Before the Court is Defendant Elevating Boats, L.L.C.'s Motion to Dismiss for failure to timely file. [Rec. Doc. No. 13-2]. Plaintiff Douglas Wright opposes the motion arguing that the action was timely filed and should be maintained. [Rec. Doc. No. 18]. The Court is apprised of the case and has considered the parties' briefs. For the following reasons the motion is hereby **DENIED**.

### I. BACKGROUND

Plaintiff was injured on February 20, 2004 while working aboard the Mammoth Elevator. *Id*. The Plaintiff originally filed in Galveston, Texas on March 30, 2004 under the Jones Act but the Plaintiff voluntarily dismissed his suit without prejudice, failing to interrupt prescription.

1

[Rec. Doc. No. 13-2]. Under the Jones Act, Plaintiff has three years from the date of the accident to file suit, in this case until February 20, 2007. 46 U.S.C.S. § 30106. However, February 20, 2007 was Mardi Gras Day and the Clerk of the Court for the Eastern District of Louisiana was closed. Being unable to file on February 20, 2007 in this district, Plaintiff filed the suit the following day, February 21, 2007.

Defendant claims that the Plaintiff's case should be time barred because the suit was filed after the expiration of the three year limitation period. Plaintiff argues that Mardi Gras is a legal holiday and therefore under the Federal Rules of Civil Procedure 6(a) he is allowed to file the suit on the following business day.

**II.     LAW AND ANALYSIS**

Rule 6(a) of the Federal Rules of Civil Procedure holds that in the observance of a legal holiday, the Plaintiff has until the next available business day to file his Complaint. Fed. R. Civ. P. 6. It states:

> *a) Computation.*
> *In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77 (c)* **"legal holiday" includes** *New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day,*

> *Thanksgiving Day, Christmas Day,* **and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.** (emphasis added).

*Id.* The Defendant asserts that Mardi Gras should not be considered a legal holiday for the purpose of Rule 6(a) because the state of Louisiana has not made Mardi Gras a statewide holiday.

The Louisiana statute governing legal holidays dictates that Mardi Gras is a legal holiday in the parishes where the local authorities designate it to be a holiday. The statute provides that:

> *(3) Only the enumerated holidays in Paragraph (1) of this Subsection, days of closure under Paragraph (2) of this Subsection, Mardi Gras only in those parishes in which the governing authority of the parish declares a holiday under authority of Subsection A(3) of this Section, and all Saturdays and Sundays shall be considered as legal holidays for the purposes of Article 5059 of the Louisiana Code of Civil Procedure.*

La. R.S. 1:55(E)(3). As per the statute, the Parish of Orleans has declared Mardi Gras to be a holiday. The fact that Louisiana considers Mardi Gras to be a legal holiday in the parishes that declare it so is sufficient to satisfy the state recognition requirement of Rule 6(a).

Numerous cases have applied a liberal interpretation of Rule 6(a) to recognize various state appointed holidays. *See, Prudential Oil and Mineral Co. V. Hamlin*, 261 F.2d 626, 627 (10th Cir. 1958); *Reyes-Cardona v. J.C. Penny Co., Inc.*, 690 F.2d 1 (1st Cir. 1982); *Palermo v. Morrison Cafeteria*, 649 So.2d 1071, 1073 (La. Ct. App. 5th Cir. 1994). In *Prudential Oil,* the 10th Circuit Court of Appeal held that, "Rule 6(a) should be liberally and realistically construed to accomplish that which the rule recognizes: the general suspension of work and labor upon

[...] days set aside for observance of a public purpose." 261 F.2d at 627. The court held that Pioneer Day, a legal holiday as designated by the State of Utah, was a legal holiday for the purposes of Rule 6(a) and would allow for someone to file the first business day following Pioneer Day. *Id.*

Furthermore, one court has held that even if a court is open on a legal holiday a plaintiff has the legal right under Rule 6(a) to file his claim on the next business day. In *Reyes-Cardona*, the 1st Circuit Court of Appeal held that the Appellant could file his appeal the following business day after the legal holiday of Eugenio Maria de Hostos in Puerto Rico, finding that it was "irrelevant" that the district court clerk's office was open for business on that day. 690 F.2d at 1.

The liberal interpretation that courts have used in recognizing state appointed holidays supports the conclusion that the State of Louisiana's recognition of the Mardi Gras holiday, though done parish by parish, would satisfy Rule 6(a). There is nothing that embodies more of an observance of a "public purpose" than suspending work on Mardi Gras in the State of Louisiana, and especially in the Parish of Orleans. *See, Prudential Oil,* 261 F.2d at 627. Mardi Gras day, especially in Orleans Parish, has worldwide recognition as being a celebratory event of immense proportions, and holding to that view, it logically follows that Mardi Gras is a legal holiday for the purposes of filing a claim for Rule 6(a).

Furthermore, there is no merit to the claim that a state holiday supported by statute has to be recognized statewide in order to be a legal holiday. In fact, a Louisiana court has already recognized Mardi Gras as being a "legal holiday." In *Palermo v. Morrison Cafeteria*, 648 So.2d

4

1071 (La. Ct. App. 5th Cir. 1994), the Louisiana Fifth Circuit Court of Appeals held that a worker's compensation claim was presumed to be timely for the purposes of La.R.S. 13:1209(B) even though it was filed "the day after the legal holiday of Mardi Gras." *Id.* Because there is distinct precedent in giving a liberal interpretation to state holidays for the purposes of Rule 6(a), and noting that there is state court precedent declaring Mardi Gras to be a "legal holiday" for the purposes of filing a claim, it is clear that Mardi Gras is, and should be, recognized as a legal holiday.

The Defendant asserts that because other courts were open in the Western and Middle District of Louisiana, the Plaintiff could have filed his motion in another location. However, the Plaintiff has choice of forum in filing his claim which includes filing in a forum that may be closed due to a legal holiday despite the fact that other forum courts are open for filing. In *Toups v. Texaco Inc.*, 317 F.Supp. 579, 580 (W.D. La. 1970), the court rejected the Defendant's argument that because the Plaintiff's choice of forum was closed for a legal holiday, the Plaintiff should have filed in a concurrent jurisdiction where the forum was open in order to make the filing timely. It held that a plaintiff is not required to seek an alternative forum in other parishes where jurisdiction may be found to avoid prescription because a Clerk's office in the plaintiff's choice of forum is closed for a legal holiday or some other reason. *Id*. The court noted that the plaintiff generally has a choice of forum and the extension of filing a claim due to a Clerk's office being closed is "actually insignificant". *Id*. Therefore, it is unreasonable and unfounded to suggest that the claim should be dismissed because the plaintiff could have filed a claim in another jurisdiction that was not closed due to a legal holiday on the last day of prescription.

In conclusion, for all purposes under Rule 6(a), Mardi Gras is considered a legal holiday by the State of Louisiana.  Therefore, the Plaintiff's claim was timely in that it was filed the first business day after the legal holiday of Mardi Gras.

**IT IS ORDERED** that the Motion to Dismiss, filed on behalf of the Defendant Elevating Boats, is hereby, **DENIED**.

New Orleans, Louisiana, this 26th day of July, 2007.

_____
**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**